# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DIVISION OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| WASTE SERVICES OF DECATUR, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 1:17-cv-01030-STA-egb ) |
| DECATUR COUNTY, TENNESSEE, | ) ) ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION FOR JOINDER

Before the Court is Defendant Decatur County, Tennessee's Motion for Joinder (ECF No. 11) filed on March 23, 2017, as supplemented (ECF No. 21) on April 11, 2017. Plaintiff Waste Services of Decatur, LLC has responded in opposition, and Decatur County has filed a reply brief. The Court held a hearing on the Motion on May 26, 2017. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

Waste Services of Decatur, LLC ("Waste Services Decatur") filed a Complaint on February 17, 2017, alleging claims for breach of contract and declaratory judgment. According to the Complaint, Waste Services Decatur has an agreement with Decatur County to operate a landfill located in the county. The parties' dispute concerns which of them has the contractual duty to dispose of waste water at the landfill. As part of the normal operation of the facility, a volume of water leaches from the waste in the landfill. The leachate contains contaminants and requires proper water treatment to render the leachate safe for disposal. Waste Services Decatur alleges that Decatur County has the contractual duty to treat and dispose of the leachate at local

1

municipal water treatment facilities and has breached that duty. Decatur County has denied the allegations of the Complaint and filed a Counterclaim against Waste Services Decatur. The county's Counterclaim states causes of action against Waste Services Decatur for declaratory judgment, breach of contract/anticipatory repudiation, breach of the implied warranty of good faith and fair dealing, public nuisance, negligence, and injury to real property.

In the Motion before the Court, Decatur County seeks to join as a Counter-Defendant and a party to this action Waste Industries, LLC ("Waste Industries").[1] Decatur County argues that Waste Industries, as the parent company of Waste Services Decatur, is a necessary party to this lawsuit. For support, Decatur County cites the parties' contractual course of dealing. In December 2000, Decatur County, Waste Services Decatur, and Waste Industries entered into an amendment of the original operating agreement. As part of the amendment, Decatur County recognized that Waste Industries had acquired the previous operator of the landfill (Waste Services of America, Inc.), that Waste Services Decatur (a successor entity to the previous landfill operator) would continue to operate the landfill, and that Waste Industries would assign its interest as sole member of Waste Services Decatur to another subsidiary (Waste Industries of

---

[1] Decatur County's opening brief argued that the Court should join a different entity, Waste Industries, Inc., as a Counter-Defendant. The record before the Court shows that Waste Industries, Inc., a business incorporated under the laws of North Carolina, assigned its interest in Waste Services Decatur to Waste Industries of Tennessee, LLC, a wholly owned subsidiary of Waste Industries, Inc., on December 31, 2000. *See* Instr. of Assignment, ECF No. 22-4. Shortly thereafter, on March 30, 2001, Waste Industries, Inc. merged with a limited liability company and changed its name to Waste Industries, LLC. *See* Art. of Merger, ECF No. 22-1. Waste Services Decatur argues that if the Court finds any other entity to be a necessary party to this dispute, the Court should join Waste Industries of Tennessee, LLC. Decatur County asserts that Waste Industries, Inc. never assigned or transferred its amended contract to operate the landfill to Waste Industries of Tennessee, LLC. The Court need not decide whether Waste Industries of Tennessee, LLC is a necessary party. Decatur County has not squarely made that request in its Motion. Therefore, the question of whether Waste Industries of Tennessee, LLC is a necessary party to the action remains for another day.

2

Tennessee, LLC). Decatur County contends then that as a party to the amended operating agreement, Waste Industries is a proper party to the contractual dispute.

Decatur County further argues that Waste Industries has an active role in the operation and management of the landfill. To support this point, Decatur County has made a number of exhibits part of the record: correspondence from Waste Industries to county officials about the operation of the landfill; a check drawn by Waste Industries for payment of contractually obligated host fees to Decatur County on behalf of Waste Services Decatur; and representations by Waste Industries holding itself out as the parent company of Waste Services Decatur, both to the general public and to the state of Tennessee. Decatur County also points out that the posted sign at the entrance to the landfill states that the facility is "operated by Waste Industries" with no mention of Waste Services Decatur. A photograph of the sign is an exhibit to the county's supplemental brief (ECF No. 23-1) as well as an exhibit to the motion hearing. Decatur County argues then that the Court should join Waste Industries as a party because of its interest in the operating agreement and its active role in the operation of the landfill.

Waste Services Decatur has responded in opposition to the Motion for Joinder. Waste Services Decatur emphasizes that Waste Industries has no duty under the operating agreement to carry out any day-to-day functions at the landfill. In fact, Waste Industries' only contractual obligation arose as part of the amendment to the operating agreement where it agreed not to assign its interests in Waste Services Decatur without giving prior notice to Decatur County. It cannot be said that Waste Industries is a necessary party to the contractual dispute between Waste Services Decatur and Decatur County. Furthermore, Waste Industries has no role in the operations of the landfill. The employees who work at the landfill are employees of Waste Services Decatur. Waste Industries simply performs corporate and administrative functions like

3

human resources for Waste Industries USA, Inc. and its subsidiaries, including Waste Services Decatur. The host fees paid by Waste Industries on behalf of Waste Services Decatur are merely one of the administrative functions carried out by Waste Industries for the various subsidiaries of the parent corporation. Therefore, the Court should deny the Motion for Joinder.[2]

Decatur County argues in its reply brief, and to some degree reframed the argument at the motion hearing, that the Court should join Waste Industries for the sake of judicial economy. Decatur County states that it intends to make Waste Industries a party to the dispute, either through joinder or by filing a separate action against Waste Industries and then moving to consolidate the two cases. Decatur County also points out that general counsel for Waste Industries, who submitted a declaration in support of Waste Services Decatur's response, has also written letters to the county on behalf of Waste Services Decatur. This only underscores the "blurred lines" between Waste Industries and Waste Services Decatur. Therefore, the Court should allow Decatur County to join Waste Industries as a party.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 19(a) makes the joinder of a party mandatory if a number of conditions are satisfied. Assuming that the party to be joined is subject to service of process and its joinder will not deprive the court of subject-matter jurisdiction, joinder is required if either of the following tests are met: (1) the court cannot accord complete relief among the existing parties without joinder of another party; or (2) the party claims an interest in the subject of the action and a decision disposing of the action in the party's absence may "as a practical matter impair or impede the person's ability to protect the interest" or "leave an existing party

---

[2] Waste Services Decatur addresses what it construes as an argument by implication in Decatur County's opening brief, namely, that Waste Industries is a guarantor of any obligation of Waste Services Decatur. Decatur County did not address this specific argument in its reply or at the motion hearing. Under the circumstances, the Court declines to consider it further.

4

subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). By contrast, Rule 20(a)(2) of the Federal Rules of Civil Procedure permits joinder of a counter-defendant if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

In this instance Decatur County seeks to join Waste Industries as a counter-defendant to the Counterclaim alleged by the county. Federal Rule of Civil Procedure 13 addresses counterclaims and crossclaims. Specifically, Rule 13(h) states that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Fed. R. Civ. P. 13(h). The 1966 Amendment to Rule 13 explains that "for purposes of determining who must or may be joined as additional parties to a counterclaim . . ., the party pleading the claim is to be regarded as a plaintiff and the additional parties as plaintiffs or defendants as the case may be, and [the rules for joinder] are to be applied in the usual fashion." *Id.* advisory comm. note.

## ANALYSIS

The issue presented is whether Waste Industries is a necessary party to Decatur County's counterclaim under Rule 19(a). The necessary party inquiry is fact-specific, pragmatic, and, in diversity cases like this one, a question of federal procedural law. *Sch. Dist. of Pontiac v. Sec'y of U.S. Dept. of Educ.*, 584 F.3d 253, 265–66 (6th Cir. 2009) (en banc) (describing a pragmatic approach focused on whether relief can be granted in the proceeding); *Hooper v. Wolfe*, 396 F.3d 744, 749 n.4 (6th Cir. 2005) (citing *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968)); see also *Dearborn St. Bldg. Assocs., LLC v. Huntington Nat. Bank*, 411 F. App'x 847, 851 (6th Cir. 2011). In this case Decatur County's counterclaim alleges that Waste

Service Decatur has breached the operating agreement governing the management of the Decatur County landfill and that Waste Services Decatur County is liable in tort for negligence, injury to real property, and public nuisance. Decatur County argues that joinder of Waste Industries is mandatory under Rule 19(a)(1)(A) because the Court cannot accord complete relief between the county and Waste Services Decatur without Waste Industries.[3] "Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought." *Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dept. of Educ.*, 584 F.3d 253, 265 (6th Cir. 2009)(quoting 3A Moore's Federal Practice 19.07–11 at 93–98 (2d ed. 1989) (other citations omitted).

The Court holds that Waste Industries is a necessary party to Decatur County's counterclaim under Rules 19(a)(1)(A). The record before the Court indicates that Waste Industries holds itself out as the operator of the landfill in its state regulatory filings, in its course of dealing with Decatur County, and even on the sign welcoming visitors to the landfill. Simply put, Decatur County has shown that Waste Industries is involved in the operation of the landfill. It is true that both Waste Industries and Waste Services Decatur exist as separate legal entities, each with its own individual corporate form. However, the proof also shows that the two companies are related subsidiary organizations established within a larger corporate structure. At this stage of the proceedings, the Court cannot and need not determine with certainty whether

---

[3] Decatur County's opening brief cites only Federal Rule of Civil Procedure 19(a)(1)(A) as the basis for joining Waste Industries. As such, the Court will not analyze whether joining Waste Industries as a party to the suit is necessary to protect its interests under Rule 19(a)(1)(B). *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666–67 (6th Cir. 2004) (describing Rule 19(a)(1)(B) as a guardrail to protect absent parties against "the prejudice that might befall the absentee's interest if the litigation proceeded without the absentee") (citation omitted); *Sch. Dist. of City of Pontiac*, 584 F.3d at 266 ("Rule 19(a)(1)(B)(i) exists to protect absentee parties, asking the Court to consider whether disposing of the matter in the parties' absence would "impair or impede the [parties'] ability to protect the interest.'").

Waste Services Decatur might be liable for alleged tortious acts undertaken at the landfill, whether Waste Industries (even some other entity within the larger corporate structure) might be liable for the same alleged acts, or whether Waste Services Decatur and Waste Industries (or others) might be jointly liable for the alleged acts. Decatur County has adduced enough factual matter to show that the Court cannot grant complete relief between the county and Waste Services Decatur without Waste Industries. The Court would hasten to add that the Court does not specifically find that Decatur County can state the same contractual and tort claims against Waste Industries that the Counterclaim has already alleged against Waste Services Decatur. As Waste Services Decatur correctly argues, a non-party to a contract generally cannot be liable for a breach of the contract. But The Court declines to reach the plausibility of a yet-to-be filed counterclaim. The Court merely finds that at this early stage of the dispute, Waste Industries is a necessary party for purposes of Rule 19(a)(1)(A). Therefore, Decatur County's Motion for Joinder is **GRANTED**.

In the alternative, the Court finds *sua sponte* that Decatur County may join Waste Industries as a counter-defendant under Rule 20(a). Permissive joinder is proper as to Waste Industries first because Decatur County seeks to allege claims against Waste Services Decatur and Waste Industries jointly and/or arising out of the same transaction or occurrence. Decatur County's theory of liability appears to be that Waste Services Decatur and Waste Industries jointly operated the landfill, or the very least acted in concert with each other, in a negligent way that created injuries to the property and gave rise to a public nuisance. This satisfies Rule 20(a)'s first requirement. For the same reasons, Decatur County's putative claims against Waste Industries involve common questions of fact and law about whether Waste Services Decatur and Waste Industries are liable to the county. For example, proof about the management and

operation of the landfill, the actions of the relevant decision-makers at the landfill (particularly the handling of leachate at the landfill), the course of dealing between Decatur County and Waste Services Decatur and Waste Industries, and the physical condition of the property will present questions of fact and law common to Decatur County's claims against Waste Services Decatur and Waste Industries. The Court concludes then that the requirements for permissive joinder under Rule 20(a) are also met in this case. For all of these reasons, Decatur County's Motion for Joinder is **GRANTED** as to Waste Industries.

    **IT IS SO ORDERED.**

                                           **s/ S. Thomas Anderson**
                                           S. THOMAS ANDERSON
                                           CHIEF UNITED STATES DISTRICT JUDGE

                                           Date: June 6, 2017.