IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WASTE SERVICES OF DECATUR, LLC, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | No. 1:17-cv-01030-STA-egb |
| ) | |
| DECATUR COUNTY, TENNESSEE, ) | |
| ) | |
| Defendant/Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WASTE INDUSTRIES, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER DIRECTING THE PARTIES TO FILE ADDITIONAL BRIEFING
AND NOTICE TO THE PARTIES OF SUMMARY JUDGMENT *SUA SPONTE***

Before the Court is Defendant Decatur County, Tennessee's Motion for Summary Judgment (ECF No. 47) filed on February 8, 2018. Decatur County seeks judgment as a matter of law on Plaintiff Waste Services of Decatur, LLC's claims for breach of contract and declaratory judgment. Decatur County argues that Waste Services filed its breach of contract claim outside of the six-year statute limitations for contract actions provided by Tenn. Code Ann. § 28-3-109(a)(3).[1] The contractual provisions at issue are found at section 2.6(iv) and in Schedule B to the agreement. Section 2.6(iv) reads as follows: "Leachate disposal/treatment will remain at no cost to the [landfill] and [Waste Services] for the life of the site, in exchange for free disposal to Parsons and Decaturville pursuant to Schedule B of this Agreement." (Contract

---

[1] The parties have completed their briefing on the County's Rule 56 Motion as well as briefing on Waste Services' separate motion to dismiss or stay certain claims raised in Decatur County's Counterclaim.

1

§ 2.6, ECF No. 1-3). The parties further agreed in Schedule B that "Decaturville and Parsons will continue to receive free residential waste disposal . . . only so long as leachate treatment and disposal is provided at no cost to [the landfill] and [Waste Services]." (Sch. B to Contract, ECF No. 1-3).

Both sides interpret the contract in different ways and have sought relief based on their differing interpretations of the leachate clause. *See* Waste Services' Compl. ¶ 2 ("In exchange for WSD's agreement to operate the subject landfill, the County made certain promises, including agreeing to provide for disposal and treatment of the liquid that leaches from the waste materials in the landfill, called leachate, at no cost to WSD."); Decatur Cnty.'s Countercl. ¶ 109, ECF No. 65 ("Decatur County requests the Court declare that the County has no obligation under the Contract to provide leachate disposal services, pay for leachate disposal services or act on behalf of WSD/WI to obtain such services from City of Parsons or Decaturville."). Decatur County's Motion for Summary Judgment assumes for the sake of argument that Waste Services' construction of the contract is correct and that the County is liable for leachate costs and expenses at the landfill. But the parties have not argued the proper construction of section 2.6(iv) and Schedule B in their summary judgment briefs.

Upon full consideration of the parties' arguments, their evidentiary submissions, and the relevant Tennessee authorities, the Court finds that additional briefing from the parties would aid the Court in making its determination of the statute of limitations issue. To reach the issues of whether Waste Services' claim for breach of contract is untimely and when its claim accrued as a matter of law, the Court must first construe the contract and decide what the contract required Decatur County to do. The parties' pleadings on the correct reading of the leachate clause suggest to the Court that the clause may be ambiguous and subject to more than one

interpretation. Generally, courts resort to rules of construction "[w]here the terms of the contract are ambiguous." *Maverick Grp. Mktg., Inc. v. Worx Envtl. Prods., Inc.*, 99 F. Supp. 3d 822, 836 n.45 (W.D. Tenn. 2015) (quoting *Planters Gin. Co. v. Fed. Compress & Warehouse Co., Inc.,* 78 S.W.3d 885, 890 (Tenn. 2002)).

Therefore, the Court orders the parties to file additional briefs on the proper construction of section 2.6(iv) and Schedule B. The parties should address the following questions: (1) the correct construction of section 2.6(iv) and Schedule B as a matter of Tennessee law; (2) whether section 2.6(iv) and Schedule B are ambiguous as a matter of Tennessee law; (3) if the contract is ambiguous, whether the Court can use appropriate rules of construction to arrive at the correct meaning of the contract as a matter of Tennessee law; (4) which Tennessee rules of contract construction, if any, are appropriate in this case; (5) to the extent the rules of construction implicate any question of fact, whether there exists a genuine dispute as to those facts; and (6) any other issues relevant to the proper construction of section 2.6(iv) and Schedule B.

Along with their briefing of the questions of law presented, the parties should also come forward with any additional evidence to support their positions. The parties should present the additional evidence in the form of a statement of undisputed facts in accordance with Local Rule 56.1(a) and attach any supporting evidentiary materials to their opening briefs. The parties' opening briefs are due on or before August 22, 2018. Each side will then have an opportunity to file a response to the other side's opening brief and statement of undisputed facts. Each party's response to the other party's statement of undisputed facts should conform to Local Rule 56.1(b). Response briefs are due on or before September 19, 2018.

The Court's order hereby constitutes notice to the parties that the Court may grant summary judgment *sua sponte* on the proper construction of the contract. Under Rule 56(f),

"[a]fter giving notice and a reasonable time to respond, the court may (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f). "A district court does not abuse its discretion in *sua sponte* granting summary judgment so long as the losing party was on notice that it had to come forward with all of its evidence and had a reasonable opportunity to respond to all the issues to be considered by the court." *Bennett v. City of Eastpointe*, 410 F.3d 810, 816 (6th Cir. 2005) (internal quotation marks omitted); *see also Celotex Corp.*, 477 U.S. at 326 ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgment *sua sponte,* so long as the opposing party was on notice that it had to come forward with all of its evidence."). The Court gives each party notice that it should come forward with all of its evidence related to the proper construction of the contract's provisions on leachate.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: July 25, 2018