**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WASTE SERVICES OF DECATUR, LLC,** | ) | |
| | ) | |
| **Plaintiff/Counter-Defendant,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:17-cv-01030-STA-egb** |
| | ) | |
| **DECATUR COUNTY, TENNESSEE,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendant/Counter-Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WASTE INDUSTRIES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER GRANTING DECATUR COUNTY'S MOTION TO JOIN PARTIES

Before the Court is Defendant/Counter-Plaintiff Decatur County's Motion to Join Parties (ECF No. 94) filed on November 16, 2018. Decatur County seeks leave to file a reply in further support of its motion to join parties. Plaintiff/Counter-Defendant Waste Services of Decatur, LLC has responded in opposition, and Decatur County has filed a reply. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

This is a contractual dispute between Decatur County, Tennessee, and Waste Services of Decatur, LLC (hereinafter "Waste Services"), the private firm operating the Decatur County Landfill, and Waste Industries, LLC ("Waste Industries"), a related corporate entity. Waste Services initiated suit on February 17, 2017, alleging that Decatur County had breached the parties' agreement for Waste Services to operate the landfill. Decatur County filed its Answer and Counterclaim (ECF No. 9) on March 23, 2017. Concurrent with the filing of its Answer and

Counterclaim, Decatur County filed a motion for joinder (ECF No. 11), seeking leave of court to add Waste Industries as a party. The Court granted Decatur County's motion, and Decatur County named Waste Industries as a defendant in a Third-Party Complaint (ECF No. 37) filed on July 6, 2017. In the current iteration of its pleadings, Decatur County's Amended Answer and Counterclaim (ECF No. 65) against Waste Services and Waste Industries, Decatur County has alleged the following causes of action or sought the following relief: a declaration that Decatur County has no contractual duty with regard to leachate at the landfill (count one); breach of contract/anticipatory repudiation (count two); fraudulent concealment (count three); constructive fraud (count four); breach of the implied warranty of good faith and fair dealing (count five); public nuisance (count six); negligence/gross negligence/negligence per se (count seven); injury to real property (count eight); and violations of the Solid Waste Disposal Act (count nine).

Decatur County now seeks leave to join as parties to the action Smelter Service Corp. and Tennessee Aluminum Processors, Inc., and to file an amended pleading alleging claims against these parties. In the course of discovery, Decatur County has learned that both of these parties were "past generators who have contributed to the past disposal of solid and/or hazardous waste at" the Decatur County Landfill and that each party may be liable for its own violations of the Solid Waste Disposal Act and other tortious conduct. Mem. in Support Mot. to Join 2 (ECF No. 94-1). Decatur County asserts that both parties caused over 500,000 tons of solid waste to be delivered to the landfill with the knowledge that Waste Services would improperly handle the waste. Both companies also knew that their aluminum smelter waste would create elevated levels of ammonia and ammonia gas at the landfill. Therefore, Decatur County would hold Smelter Service Corp. and Tennessee Aluminum Processors, Inc. liable for the conditions at the Decatur County Landfill.

Waste Services has responded in opposition to the Motion to Join. Waste Services argues that Decatur County has known all of the relevant facts on which it now relies to join Smelter Service Corp. and Tennessee Aluminum Processors, Inc. for as much as 20 months. Waste Services opposes joinder because the addition of new parties at this stage of the case will delay the discovery process and likely require another amendment of the case management deadlines and the trial date. Waste Services also points out that Decatur County's putative claims against these new parties for their alleged violation of the Solid Waste Disposal Act will require Decatur County to give each new party 90 days' notice of its intent to file the claims before Decatur County can actually assert the claims in an amended pleading. The 90-day statutory period will only further delay the orderly progress of the case. Waste Services argues that the delay will prejudice its interests as it continues to operate the Decatur County Landfill while Decatur County breaches its contractual obligation to pay for the landfill's leachate costs. Waste Services also contends that Decatur County has introduced no proof to support its claim concerning tortious conduct at the landfill. For these reasons Waste Services asks the Court to deny the Motion to Join.

Decatur County, having been granted permission to do so, has filed a reply brief. Decatur County's reply, which was filed December 17, 2018, adds that it intends to give Smelter Service Corp. and Tennessee Aluminum Processors, Inc. pre-suit notice of its alleged violations of the Solid Waste Disposal Act "shortly." Decatur County denies that the joinder of these new parties will jeopardize the current discovery schedule. According to Decatur County, the current deadline for completing all discovery is September 2019, and it is already in possession of many of the salient facts about the alleged acts of Smelter Service Corp. and Tennessee Aluminum Processors, Inc. Decatur County not only believes that joinder will not require an extension of discovery but

also highlights that its Motion to Join was filed before the current deadline for joining new parties. As such, joinder is proper.

## STANDARD OF REVIEW

Decatur County seeks permission to join Smelter Service Corp. and Tennessee Aluminum Processors, Inc. as parties and name them as counter-defendants in an amended counterclaim. Rule 20(a)(2) of the Federal Rules of Civil Procedure permits joinder of a defendant or counter-defendant if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The Supreme Court has remarked that "entertaining the broadest possible scope of action consistent with fairness to the parties," including joinder, "is strongly encouraged" under the Federal Rules of Civil Procedure. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (citing Fed. R. Civ. P. 20 and other rules). The purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1652, at 395 (3d ed. 2001) (footnotes omitted).

## ANALYSIS

The Court holds that joinder of Smelter Service Corp. and Tennessee Aluminum Processors, Inc. would be proper. There is no real dispute that joinder of these two entities satisfies the letter of Rule 20(a)(2): Decatur County intends to allege that both companies caused secondary aluminum smelter waste to be taken to the landfill and that the presence of this waste has created the hazardous conditions found at the landfill. The Court finds that Decatur County's claims against Smelter Service Corp. and Tennessee Aluminum Processors, Inc. and its claims against

Waste Services and Waste Industries arise "out of the same transaction, occurrence, or series of transactions or occurrences." This satisfies Rule 20(a)'s first requirement. The new claims also present questions of fact common to all of these parties concerning the state of the Decatur County Landfill. In fact, Decatur County's pleadings already make some allegations about the activities of Smelter Service Corp. and Tennessee Aluminum Processors, Inc. Am. Countercl. ¶ 43 ("Two processors in Tennessee, Tennessee Aluminum Processors, ('TAP') and Smelter Services Corporation had been looking for landfills to take this reactive waste.");[1] Third-Party Compl. ¶ 33 ("On November 12, 1997, one of WSA's customers, Tennessee Aluminum Processors in Columbia, Tennessee, obtained approval to dispose of 100 cubic yards per day of aluminum smelting waste into the Landfill, including aluminum dross."); *id*. ¶ 34 ("On March 20, 1998, Smelter Services Corporation in Mt. Pleasant, Tennessee obtained permission from TDEC to dispose of 35,000 tons per year of aluminum dross in the Landfill."). Decatur County has identified a number of common questions of fact pertaining to its claims against Waste Services and Waste Industries and its putative claims against Smelter Service Corp. and Tennessee Aluminum Processors, Inc. The Court concludes that Decatur County has met the modest requirements for permissive joinder under Rule 20(a).

Waste Services does not actually dispute these findings but argues instead that the Court should weigh them against the likelihood of delay and the possible prejudice the existing Defendants, Waste Services and Waste Industries, will suffer if the Court allows Decatur County to expand the scope of its case. The Court is mindful of the possibility of delay in the case and

---

[1] Decatur County made other allegations related to Smelter Service Corp. and Tennessee Aluminum Processors, Inc. in its initial Counterclaim. Those allegations were not included in the amended pleading. However, they remain in Decatur County's Third-Party Complaint against Waste Industries.

shares Waste Services' concerns about any development that would require an extension of the current case management schedule. The fact remains that Decatur County has moved to join the new parties before the deadline set in the Amended Complex Track Scheduling Order (ECF No. 84), November 16, 2018. Waste Services and Waste Industries had given their consent to this deadline and filed a position paper in support of the deadline as recently as August 2018, that is, just two months before Decatur County filed its Motion to Join. The same is true for the amended deadlines to file amended pleadings (March 1, 2019) and to complete all discovery (September 20, 2019). The Court has no reason to find that allowing Decatur County to join parties within the deadline set by the Court and to which Waste Services had given its assent only two months before the deadline would prejudice Waste Services.[2] Therefore, Decatur County's Motion to Join is **GRANTED**.

As a final matter, Decatur County's Motion to Join briefly mentions a request for leave to amend its counterclaim to include its new claims against Smelter Service Corp. and Tennessee Aluminum Processors, Inc. The parties' briefs also refer to the fact that the Resource Conservation and Recovery Act requires Decatur County to provide each new party with 90 days' pre-suit notice.

---

[2] The Court would underscore that in its position paper in support of the parties' joint proposed scheduling order, the proposal the Court later adopted and entered as the current Amended Complex Track Scheduling Order (ECF No. 84), Waste Services represented to the Court that the parties' agreed deadline to file motions to amend the pleadings by March 1, 2019, would allow Waste Services "enough time to engage in discovery on any further-amended claims asserted by the County before the deadline for the completion of all discovery on September 20, 2019." Waste Services' Resp. to Court Order on Joint Proposed Scheduling Order 2, August 16, 2018 (ECF No. 80).

Waste Services requested that in the event the Court rejected the parties' case management plan and set its own deadline for amending the pleadings, the Court grant Waste Services at least five months from the filing of an amended pleading in which to conduct discovery on any new claims Decatur County might assert against it. The point is Waste Services recognized the possibility of Decatur County expanding the scope of its claims, at least against Waste Services, and the parties' discovery plan took the possibility into account.

According to its reply brief, Decatur County had not sent notice letters to Smelter Service Corp. or Tennessee Aluminum Processors, Inc. as of December 17, 2018. Rather than address Decatur County's request to amend its counterclaim here, the Court instructs Decatur County to file a motion for leave to amend accompanied by a copy of its proposed amended pleading.

**IT IS SO ORDERED**.

<div style="margin-left:40%">

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: February 5, 2019.

</div>