# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| WASTE SERVICES OF DECATUR, LLC, | ) ) ) |
|     Plaintiff/Counter-Defendant, | ) ) |
| v. | ) Case No. 1:17-cv-01030-STA-jay ) ) |
| DECATUR COUNTY, TENNESSEE, | ) ) |
|     Defendant/Counter-Plaintiff, | ) ) |
| v. | ) ) |
| WASTE INDUSTRIES, LLC, | ) ) |
|     Defendant. | ) |

## ORDER DENYING WASTE SERVICES OF DECATUR, LLC AND WASTE INDUSTRIES, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STAY

Before the Court is Waste Services of Decatur, LLC and Waste Industries, LLC's Motion to Dismiss or, in the Alternative, Motion to Stay (ECF No. 68) filed on May 17, 2018. Decatur County, Tennessee has responded in opposition to the Motion. For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

This is a dispute between Decatur County, Tennessee, and Waste Services of Decatur, LLC (hereinafter "Waste Services"), over alleged violations of environmental laws and regulations arising out of Waste Services' operation of the Decatur County Landfill. Waste Services seeks the dismissal of Decatur County's claims under the Resource Conservation and Recovery Act

1

("RCRA"), 42 U.S.C. § § 6901, *et seq.* In support of its Motion to Dismiss, Waste Services contends that Decatur County failed to satisfy the RCRA's 60/90-day notice period by bringing judicial claims over issues outside of the scope of Decatur County's written notice of intent to sue ("NOI"). The Court should dismiss those claims for failure to comply with the RCRA notice requirements. In the alternative, Waste Services argues that the Court should stay further judicial proceedings, while the parties pursue regulatory action before the Tennessee Department of Environment and Conservation. Such a stay is warranted under the *Burford* abstention doctrine and/or the primary jurisdiction doctrine.

## **STANDARD OF REVIEW**

RCRA's notice requirements "are mandatory conditions precedent to commencing suit under the RCRA citizen suit provision." *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 31 (1989). As such, the notice period is "a jurisdictional prerequisite." *Walls v. Waste Resource Corp.*, 761 F.2d 311, 316 (6th Cir. 1985). Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction and the law presumes that a cause lies outside this limited jurisdiction." *Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (internal quotation marks omitted). As such, "federal courts have a duty to consider their subject matter jurisdiction in every case and may raise the issue *sua sponte*." *New Hampshire Ins. Co. v. Home Sav. & Loan Co. of Youngstown, Ohio*, 581 F.3d 420, 423 (6th Cir. 2009) (citation omitted).

A party moving to dismiss for lack of subject matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Crugher v. Prelesnik*, 761 F.3d 610, 613 (6th Cir. 2014). "A facial attack goes to the question of whether the

2

plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). By contrast, "[a] factual attack challenges the factual existence of subject matter jurisdiction" in which case the court may receive evidence to determine "whether subject matter jurisdiction exists, including evidence outside of the pleadings." *Id.*[1] In the final analysis, the plaintiff has the burden to prove that the federal court has jurisdiction to hear the claim. *Kiser v. Reitz*, 765 F.3d 601, 606 (6th Cir. 2014).

## ANALYSIS

**I. RCRA Notice Requirements**

RCRA provides for citizen suits against any person or entity in violation of the Act but only after giving 60-days' notice of the alleged violation to the Environmental Protection Agency, the state in which the alleged violation occurred, and the person or entity who allegedly committed the violation. 42 U.S.C. § 6972(b)(1)(A). For citizen suits against a past or present operator of a disposal facility, a plaintiff must give 90-days' notice. 42 U.S.C. § 6972(b)(2)(A). Compliance with the pre-suit notice requirement is "mandatory." *Hallstrom*, 493 U.S. at 31.

---

[1] Waste Services describes its attack as a factual one. In support of its Motion to Dismiss, Waste Services has adduced a number of facts about the administrative investigation and review process being carried out by TDEC. Decatur County has raised evidentiary objections to the admissibility and relevance of some of these facts. The Court finds it unnecessary to reach these issues. Most of the evidentiary materials relate to Waste Services' argument for *Burford* abstention and a stay pursuant to the primary jurisdiction doctrine and whether abstention is appropriate in this case based on the state of Tennessee's involvement in the dispute. But the threshold issue presented in Waste Services' Motion to Dismiss under Rule 12(b)(1) is whether Decatur County's pre-suit notice satisfies RCRA. Decatur County attached a copy of its notice letter to its Amended Counterclaim (ECF No. 65-17), making it proper for the Court to consider on a Rule 12(b) motion. Fed. R. Civ. P. 10(c). And because the Court holds that Decatur County's notice letter has met the notice requirements for filing a citizen suit under RCRA, the Court need not decide whether the additional evidence presented by Waste Services is admissible or relevant to the Court's determination.

The United States Supreme Court has remarked in dicta that RCRA's notice provisions strike a balance between the public interest in "citizen enforcement of environmental regulations and avoiding burdening the federal courts with excessive numbers of citizen suits." *Id.* at 29 (citing RCRA's legislative history). The interim created by the pre-suit notice period gives agencies with the duty to enforce environmental regulations the time to investigate and exercise appropriate oversight as well as afford an alleged violators the opportunity to take corrective action and "to bring itself into complete compliance," thereby avoiding the need for the citizen suit or the intervention of the courts. *Id.* (quoting *Gwaltney of Smithfield, Inc. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 60 (1987) ("The bar on citizen suits when governmental enforcement action is under way suggests that the citizen suit is meant to supplement rather than to supplant governmental action")).

The issue presented in Waste Services' Motion to Dismiss is whether Decatur County complied with the RCRA pre-suit NOI requirements as to its claims against Waste Services for violations of the Act. RCRA's implementing regulations set out the particulars a proper notice of an alleged violation must include: (1) "the specific permit, standard, regulation, condition, requirement, or order which has allegedly been violated;" (2) "the activity alleged to constitute a violation;" (3) "the person or persons responsible for the alleged violation;" (4) "the date or dates of the violation;" and (5) "the full name, address, and telephone number of the person giving notice." 40 C.F.R. § 254.3(a). The regulation states that the notice must provide "sufficient information to permit the recipient to identify" each of these particulars. *Id.*

The Court holds Decatur County's notice satisfied RCRA's requirements and gave Waste Services sufficient information to identify the nature of the alleged violations. The NOI (ECF No. 65-17), a nine-page letter from Decatur County's lawyers dated April 12, 2017, contained each

of the facts necessary to give Waste Services proper notice of the alleged RCRA violation. First, the NOI gave Waste Service sufficient notice of the specific regulation that the landfill had violated. The first paragraph of the NOI identified the Clean Water Act and the Solid Waste Disposal Act, as amended by RCRA, as the governing statutes. NOI 1 (ECF No. 65-17, Page ID 1973.) In the section of the NOI under the heading "Open Dump," the NOI identified 42 U.S.C. § 6903(14), § 6943 and § 6944 and corresponding regulations on open dumps. *Id*. at Page ID 1975. This satisfied the first element of 40 C.F.R. § 254.3(a)'s required notice.

Likewise, the NOI gave Waste Services sufficient notice of "the activity alleged to constitute a violation." The first paragraph of the letter stated that "site operators have accepted various types of industrial waste, also known as 'special waste,' including but not limited to Secondary Aluminum Smelter ('SAS') waste and bag house dust, known to produce leachate with extraordinarily high levels of ammonia and heavy metals." *Id*. at Page ID 1973. With specific reference to the alleged "open dump" violation, the NOI identified the source of leachate discharge as "at or near" an underdrain near Cell 3 at the landfill. *Id*. at Page ID 1974. The NOI went on to detail observations and testing results from water samples taken during a February 2017 site inspection. *Id*. These details were sufficient to inform Waste Services of the nature of the alleged "open dump" violation. And there is no real dispute that the NOI included the rest of the elements required under 40 C.F.R. § 254.3(a). Decatur County identified Waste Services as the alleged violator and provided sufficient information about the date of the alleged violating activity and Decatur County's contact information. The Court concludes that Decatur County's NOI met the requirements of RCRA.

Waste Services argues that Decatur County's NOI did not satisfy RCRA's notice requirements, specifically the second element, i.e. to identify "the activity alleged to constitute a

5

violation." Waste Services argues that "[t]he alleged pollution, source of pollution, and evidence of pollution identified by the NOI are not those alleged in the Amended Complaint." Waste Servs.' Mem. in Support 14 (ECF No. 68-22). But none of Waste Services' points about each of these details is convincing.

Both the NOI and the Amended Counterclaim clearly identified the high levels of ammonia found in water leaching from the landfill, and specifically near Cell 3, and running off into nearby waterways. This is the alleged pollution itself. Both the NOI and the Amended Counterclaims described the relationship between aluminum smelter waste deposited at the landfill and the high ammonia levels measured in the landfill's leachate. As far any supposed variations in the measurements alleged in the NOI and the Amended Complaint, nothing in RCRA or its implementing regulations required Decatur County to identify with particularity all of its measurements and observations to substantiate how much alleged pollution was involved in the violations of RCRA. This leaves Waste Services' criticism that the NOI refers to leaking and draining leachate "at or near" the underdrain whereas the Amended Counterclaim alleges that leachate comes from the underdrain. The notice required by RCRA and 40 C.F.R. § 254.3(a) only requires "sufficient information" to allow a recipient like Waste Services to identify the source of pollution. The Court concludes that the NOI meets this standard. Therefore, Waste Services' Motion to Dismiss must be **DENIED**.

## II. *Burford* Abstention and the Primary Jurisdiction Doctrine

This leaves Waste Services' alternative request to stay this action pending the outcome of administrative proceedings before TDEC. Waste Services first argues that the Court should abstain from exercising jurisdiction over the RCRA claims under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). "*Burford* instructs federal courts to avoid hearing cases where doing so would

interfere with a state's regulatory efforts." *Ky. Waterways Alliance v. Ky. Utils. Co.*, 905 F.3d 925, 939 (6th Cir. 2018) (citing *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989)). Nevertheless, the Supreme Court has described *Burford* abstention as an "extraordinary and narrow exception" to federal jurisdiction. *Atkins v. CGI Techs. and Solutions, Inc.*, 724 F. App'x 383, 389 (6th Cir. 2018) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996)).

The Sixth Circuit recently reversed a district court's decision to abstain from exercising its jurisdiction over a RCRA claim under *Burford*. The Court of Appeals observed that in addition to RCRA's pre-suit notice requirements, RCRA also bars a citizen suit where a state (or the EPA) responds in "one of three statutorily prescribed ways," the so-called "diligent prosecution bar." *Ky. Waterways Alliance*, 905 F.3d at 939 (citing 42 U.S.C. § 6972(b)(2)(C)). The Sixth Circuit reasoned that in the context of RCRA, *Burford* abstention "effectively add[s] a new component to th[e] bar precluding citizen suits where a state is already trying to remedy the problem, regardless of the regulatory mechanism it is using." *Ky. Waterways Alliance*, 905 F.3d at 939 (citing *Chico Serv. Station, Inc. v. Sol Puerto Rico Ltd.*, 633 F.3d 20, 31 (1st Cir. 2011) ("To abstain in situations other than those identified in the statute . . . threatens an 'end run around RCRA.'")); *PMC Inc. v. Sherwin–Williams Co.*, 151 F.3d 610, 619 (7th Cir. 1998) (same); *see also Boyes v. Shell Oil Prods. Co.,* 199 F.3d 1260, 1270 (11th Cir. 2000) (holding that abstention based on *Burford* and the primary jurisdiction doctrine was improper because RCRA preempted state law).

The upshot is that where a citizen has complied with RCRA's pre-suit notice requirements and brings its citizen suit, federal courts have an obligation to exercise their jurisdiction and hear RCRA claims. *Id*. Otherwise, *Burford* abstention risks the courts' "substitut[ing] our own

7

judgment about the appropriate balance of state and federal interests for the *ex-ante* determination that Congress made regarding this balance when it enacted RCRA." *Id*. (citing 42 U.S.C. § 6972(b)(2)(A)–(F)). The Sixth Circuit's result is consistent with the balance of authority from other district courts confronted with the same question. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 505 (7th Cir. 2011) (collecting cases); *see also Pub. Emps. for Envtl. Responsibility v. Gipson Cnty.*, No. 3:15-0020, 2015 WL 4663173, at *3 (M.D. Tenn. Aug. 6, 2015); *Natural Res. Def. Council, Inc. v. Cnty. of Dickson, Tenn.*, No. 3:08-0229, 2010 WL 1408797, at *7 (M.D. Tenn. Apr. 1, 2010). Having already concluded that Decatur County gave Waste Services proper notice of its citizen suit, staying Decatur County's claims under *Burford* is not warranted. There is no reason to find that allowing Decatur County to press its RCRA claims in court will interfere with TDEC's role in addressing the conditions at the Decatur County Landfill. Waste Services' Motion to Stay as a matter of *Burford* abstention is **DENIED**.

For similar reasons, the Court declines to stay the proceedings under the primary jurisdiction doctrine. The primary jurisdiction doctrine permits a court in its discretion to "refer a matter to the relevant agency whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *U.S. ex rel. Wall v. Circle C Const., L.L.C.*, 697 F.3d 345, 352 (6th Cir. 2012) (citations omitted); *United States v. W. Pac. R.R. Co.*, 352 U.S. 59 (1956). "In the context of cases involving state administrative schemes, the *Burford* abstention and primary jurisdiction doctrines are different labels for the same thing." *Parents League for Effective Autism Servs. v. Jones-Kelley*, 565 F. Supp. 2d 905, 913 (S.D. Ohio 2008) (quoting *College Park Holdings, LLC v. Racetrac Petroleum, Inc.*, 239 F. Supp. 2d 1322 (N.D. Ga. 2002)); *see also PMC, Inc.*, 151 F.3d at 619 (remarking that primary jurisdiction "amounts to the same thing" as *Burford* abstention).

8

Just as the Court found the arguments for *Burford* abstention unconvincing, so the Court also rejects Waste Services' arguments for applying the doctrine of primary jurisdiction. A stay for the purpose of the Court referring this matter to TDEC will not afford complete relief among the parties and would essentially block Decatur County's right to have the Court consider its claims under federal law, claims arising under the laws of the United States and over which the Court has original jurisdiction under 28 U.S.C. § 1332. For these reasons, Waste Services' alternative Motion to Stay is **DENIED**.

## CONCLUSION

The Court holds that Decatur County's NOI gave Waste Services sufficient information to allow Waste Services to identify the nature of the RCRA allegations and satisfied the Act's prerequisites for bringing its citizen suit. The Court will exercise its jurisdiction over Decatur County's RCRA claims and finds no basis for *Burford* abstention or a stay of the proceedings under the primary jurisdiction doctrine. Therefore, Waste Services' Motion to Dismiss or, in the alternative, Motion for Stay is **DENIED.**

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: March 29, 2019