# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| WASTE SERVICES OF DECATUR, LLC, | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) ) ) Case No. 1:17-cv-01030-STA-jay |
| DECATUR COUNTY, TENNESSEE, | ) ) ) JURY DEMAND |
| Defendant/Counter-Plaintiff, | ) ) |
| v. | ) ) |
| WASTE INDUSTRIES, LLC, | ) ) |
| Third Party Defendant. | ) |

## PROTECTIVE ORDER

Before the Court is Waste Services of Decatur, LLC and Waste Industries, LLC's Motion for Protective Order (ECF No. 144) filed on March 22, 2019. The Waste Services parties seek the entry of a protective order to safeguard the production of certain proprietary information. According to the certificate of consultation attached to the Motion, the parties were unable to reach an accord on the terms of the protective order. Under Local Rule 7.2, any non-moving party opposed to the entry of the protective order had 14 days in which to file a written response showing why the Court should not grant the Motion. The Local Rules state that failure to respond within the time allowed may be deemed good cause to grant a motion. In this case none of the non-moving parties filed a written response to the Motion for Protective Order. For good cause shown

1

and without timely response from any other party, the Motion for Protective Order is **GRANTED**. The Court hereby orders as follows.

Certain documents and information requested by the parties in oral and written discovery in this action may contain confidential, sensitive, trade secret, or other proprietary information that must be protected from unauthorized disclosure. Accordingly, the discovery of certain documents and information may be conducted only pursuant to the following terms, conditions, and restrictions:

1. Documents, including electronic data, and written information produced by any party or nonparty in the course of discovery in this action that are confidential in nature may be designated as such by the person producing the material. All such designations shall be made in good faith and for a legitimate purpose, and each page that is to be protected shall be separately marked "CONFIDENTIAL." Duplicate copies of pages marked "CONFIDENTIAL" shall be deemed "CONFIDENTIAL." A party who fails to mark material as "CONFIDENTIAL" at the time of production may do so by designating it "CONFIDENTIAL" and providing counsel with a substitute copy bearing the appropriate legend, within the longer of (a) ten (10) calendar days of the initial production, or (b) if the failure to mark the material as "CONFIDENTIAL" was inadvertent, reasonably soon after the discovery of the mistake; provided, however, that any disclosure of the material before receipt of the substitute copy of the material shall not be considered a violation of this Order.

2. Counsel for any party or any witness may designate the transcript (or any portion thereof) of any deposition as "CONFIDENTIAL" by so stating on the record of the deposition or by doing so within sixty (60) calendar days of receipt of the transcript of the deposition.

3. The term "Discovery Material" as used herein means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case (including documents, electronic data, depositions, transcripts, and any other information).

4. "CONFIDENTIAL" information shall include sensitive commercial, financial, or proprietary information or documentation. Except as otherwise provided herein, Discovery Material designated as "CONFIDENTIAL" pursuant to this Protective Order, and any information contained therein, and any notes, abstracts, or summaries made therefrom, shall not thereafter be disclosed in any manner to anyone other than:

    a. the parties herein. In the case of Decatur County, Tennessee, such individuals shall be limited to the County Mayor, the County Commissioners, and the County's Chief Financial Officer;

    b. their respective counsel, including legal assistants or other regular law firm employees working under counsel's supervision who are involved in the prosecution or defense of this action;

    c. persons employed by or assisting counsel in preparation for, or at, the trial of this action, including experts with which counsel may consult and other trial consulting personnel;

    d. document handling and reproduction firms engaged in relation to this action;

    e. the Court, jury, and court personnel;

f. court reporters, stenographers and videographers retained to record testimony taken in this action;

g. deponents, provided that such disclosure only occurs during the deponent's deposition;

h. any mediator assigned to hear this matter, and his or her staff; and

i. subject to paragraphs 7 and 9, other persons, as agreed to in writing or on the record by the producing party, or as otherwise ordered by the Court, after opportunity for all parties to be heard.

5. Discovery Materials designated "CONFIDENTIAL" shall not be filed with the Court or otherwise introduced into the public record.

6. Prior to the disclosure of any "CONFIDENTIAL" Discovery Materials subject to this Protective Order to any expert, consult, or other person pursuant to paragraph 4, counsel for the party seeking to make such a disclosure shall inform each such person, expert, or consultant that the Discovery Materials are "CONFIDENTIAL" and may not be disclosed or used except as provided in this Protective Order.

7. Any party may challenge another party's designation of Discovery Materials as "CONFIDENTIAL" by stating as such in writing to the designating party. Within ten (10) calendar days of receipt of the objection to the confidentiality designation, the party seeking protection of the Discovery Materials may file a motion with the Court to establish the confidential status of the materials. The burden of establishing that the Discovery Materials merit confidential protection will rest with the party seeking confidential protection. Any such Discovery Materials will be deemed "CONFIDENTIAL" until the Court rules on the motion. If a party does not file a motion with the Court within ten (10) calendar days of receiving a challenge from the other party, that

party shall be deemed to have waived any claim that the Discovery Materials merit confidential protection, and the Discovery Materials will not be treated as "CONFIDENTIAL" under this Protective Order.

8. Each person to whom disclosure of any "CONFIDENTIAL" Discovery Material is made in accordance with this Protective Order is bound by the terms herein and is hereby prohibited from divulging any of the materials so obtained without proper authorization, or from exploiting in any way such material for his or her own benefit, or from using such material for any purpose or in any manner not directly related to the prosecution or defense of this action.

9. In the event that any party desires to present "CONFIDENTIAL" Discovery Materials to the Court—including by filing or presenting in open court any "CONFIDENTIAL" Discovery Materials or pages of any briefs, memoranda, affidavits, transcripts, exhibits, and other papers containing notes or summaries of materials which have been designated as "CONFIDENTIAL"—the party shall first submit a redacted version of the Discovery Material to the designating party (and opposing counsel, if different) for approval no less than ten (10) days prior to the anticipated date of filing and confer in an effort to reach agreement. If the designating party and opposing party agree to the redactions or do not respond within five (5) days, the party may file the redacted version of the Discovery Material with the Court.

10. In the event the parties do not agree on redactions to any Discovery Materials designated "CONFIDENTIAL" the party that seeks to file or otherwise publish the "CONFIDENTIAL" Discovery Materials by presenting them to the Court may move the Court to compel production of a redacted version of the Discovery Materials that would not require a "CONFIDENTIAL" designation. Any party filing such a motion may include a copy of the "CONFIDENTIAL" Discovery Materials only if they also move the Court for permission to file

the relevant Discovery Materials under seal "for good cause." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) ("Secrecy is fine at the discovery stage . . . ."); *see N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 435–36 (3d Cir. 2016) (explaining the importance of protecting documents filed in discovery disputes). Exhibits placed under seal pursuant to the discovery provisions in *Shane Group* shall be considered by the Court only for the purposes of deciding discovery disputes. The parties shall not cite to any exhibits filed under seal or rely on the contents of those exhibits in any substantive motion or argument addressing the merits of the case.

11. Either party may also move the Court to declare that information within the Discovery Materials is a trade secret or otherwise eligible to be filed under seal consistent with the holdings in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). A motion to designate Discovery Material as suitable for sealing shall analyze "on a document-by-document, line-by-line basis" that the information involved "meets the demanding requirements for a seal" so that the Court may make the necessary findings of fact. *Id.* at 308. Any party filing such a motion may "for good cause" move the Court for permission to file the relevant Discovery Materials under seal. *Id.* at 305 ("Secrecy is fine at the discovery stage . . . ."); *see N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 435–36 (3d Cir. 2016) (explaining the importance of protecting documents filed in discovery disputes). The party from whom Discovery Materials are sought has the right to object to their production and to seek a protective order preventing their disclosure or otherwise designating them as trade secrets to be filed under seal throughout the remainder of the proceeding.

12. This Protective Order shall not prevent any party or non-party from using or disclosing its own confidential or proprietary information in any manner and for any purpose.

13. Upon final disposition of this action, including the exhaustion of any appellate proceedings, all Discovery Materials which have been designated as "CONFIDENTIAL" pursuant to this Protective Order and all copies, excerpts, or extracts, except for such Discovery Materials which have become part of the record of this action, shall be returned within sixty (60) calendar days to the person producing the Discovery Materials or destroyed. Should counsel elect to comply with this paragraph by destroying such Discovery Materials, such counsel shall provide a letter to opposing counsel certifying that such destruction has been conducted in a manner eliminating the possibility of disclosure to or reconstruction of such "CONFIDENTIAL" material by third parties. Notwithstanding the foregoing, counsel for each party may retain an archival copy of any court filings, deposition exhibits, and/or hearing or trial exhibits that contain "CONFIDENTIAL" materials.

14. The inadvertent production by a party of Discovery Materials subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection or the inadvertent production of Discovery Materials that the producing party believes do not meet the Rule 26 discovery standard, despite the producing party's reasonable efforts to prescreen such Discovery Materials prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Materials is made promptly after the producing party learns of the inadvertent production.

Upon a request from any producing party who has inadvertently produced Discovery Materials that it believes is privileged, protected, or does not meet the Rule 26 discovery standard, the receiving party shall immediately return such Discovery Materials and all copies to the producing party, except for any pages containing privileged markings by the receiving party which shall instead be destroyed and certified as such by the receiving party to the producing party.

Nothing herein shall prevent the receiving party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Materials and such other information as is reasonably necessary to identify the Discovery Materials and describe their nature to the Court in any motion to compel production.

15. The parties do not waive any objection to producing any Discovery Materials for any reason, including on the basis that they are confidential and proprietary and otherwise would be protected by this Protective Order and reserve the right to seek a protective order from the Court to prevent or place further limitations on the disclosure of Discovery Materials.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 24, 2019